# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| ASHLEY WILLIAMS, an individual; HECTOR MENDEZ, an individual; A.R. and D.R., minors, by and through their Guardians,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF FRESNO; CITY OF MADERA; LEEDER VUE, an individual; SOCORRO RUVALCABA, an individual; YEE LENG THAO, an individual; NANCY BOYAJIAN, an individual; CLAY HOOVER, an individual; EILEEN GUARACHA, an individual; ENRIQUE ROBLEDO, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No: 1:18-cv-01543-LJO-EPG<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[FRCP, Rule 26(c)]**<br><br>**Judge:** Hon. Lawrence J. O'Neill<br>**Magistrate:** Hon. Erica P. Grosjean<br><br>**Complaint Filed**: November 8, 2018 |

The Court having considered the Parties' Joint Stipulation and Motion for Protective Order regarding the release of certain confidential records, and finding good cause therefore:

**IT IS ORDERED** that any and all records or files released pursuant to this Order shall remain confidential within this litigation and cannot be used for any purpose other than defending and/or prosecuting the claims in this lawsuit in the manner set forth with particularity as follows:

The Court recognizes that many of the documents ("Materials" as defined herein) being sought through discovery in the above-captioned action are normally kept confidential by the Parties. The Materials that may be exchanged throughout the course of the litigation between the Parties may contain sensitive, personal information, including information about children, that is normally deemed confidential, or may be confidential personnel documents of a municipal or governmental agency. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action to facilitate the document production and disclosure, and protect the respective interests of the parties in highly sensitive and personal information. No Juvenile Case file, or any documentation related or pertaining to that Juvenile Case file, and any related law enforcement documents, records, transcripts and files shall be attached or made part of the public record in this civil action, or shall be made accessible to the public. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

**IT IS ORDERED** that this Protective Order will authorize the parties, through their attorneys, employees, or agents to disclose and produce to counsel for all parties to this action, including claims adjusters and managers, records, which may include, Juvenile Court records not specifically addressed by the Juvenile Court 827 Petition(s), and copies of relevant medical records, specifically excluding mental health records, and other confidential or sensitive records, files, and information from the Department of Social Services and/or the City of Madera Police Department, pertaining to Ashley Williams, Hector Mendez, and/or the minor children, A.R., D.R., H.M. and/or G.M. that may be produced during discovery during this matter will be subject to this Protective Order and the applicable Federal Rules and federal case law. Law enforcement records, including juvenile crime investigations and reports, police personnel records,

employment records, and/or an individual's training transcripts and records are subject to this Protective Order. Social worker records, including personnel records, employment records, and/or an individual's training transcripts and records are subject to this Protective Order.

**IT IS THEREFORE ORDERED THAT,**

The following Definitions shall apply in this Order:

A. The term "Confidential Documents" will mean and include any and all documents of any nature whatsoever which contain or disclose confidential or highly sensitive information, including specific identifying information of minors, that are marked as Confidential by any party to which the document belongs, or is otherwise designated as Confidential, as set forth herein. The term "Confidential Documents" will mean and include any and all documents of any nature whatsoever which contain or disclose confidential personnel and/or an individual's training information maintained by a governmental or municipal agency.

B. The term "Materials" will include, but is not being limited to: documents, portions of documents, correspondence, memoranda, email, reports, case notes, summaries, letters, worksheets, recordings, photographs, motion pictures, notes of discussions with third parties, other notes, instructions, other writings, records of juvenile court proceedings (including but not limited to pleadings, testimony, recordings or transcripts thereof), electronically stored data and records, and data, summaries, and compilations derived therefrom.

C. The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: The Law Offices of Shawn A. McMillan, APC, Weakley & Arendt, APC, and Ferguson, Praet & Sherman, APC.

The following provisions shall apply in this litigation:

1. Each party to this litigation that produces or discloses any Materials that the producing party believes should be subject to this Protective Order must designate the same as "CONFIDENTIAL." Any party may designate Material as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, unrestricted disclosure of such information could be harmful to such party or is prohibited by law or regulation. Any Materials not expressly

marked "CONFIDENTIAL" or otherwise designated as Confidential by a party pursuant to this order shall be presumed to not be subject to this protective order.

    2. All Confidential Material designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

    3. Information designated "CONFIDENTIAL" may be viewed only by individuals listed below:

        (a) Counsel (as defined in paragraph C, above) of the receiving party;

        (b) Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute an agreement to be bound by the terms of this Protective Order. Counsel for the receiving party must retain executed copies of such agreements;

        (c) The Court and any Court staff and administrative personnel;

        (d) Any court reporter or videographer employed in this litigation and acting in that capacity; and

        (e) Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

        (f) Parties and/or party principals or executives who are required to participate in policy decisions with reference to this action;

        (g) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

        (h) Stenographic and clerical employees associated with the individuals identified above; and

        (i) The named Plaintiffs and Defendants in this action.

4. Before any Materials which are designated as Confidential Information are filed with the Court for any purpose, other than at trial, the party seeking to file such material must seek permission of the Court to file the material under seal. Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an un-redacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal.

5. Materials designated "CONFIDENTIAL" shall be used solely for the prosecution or defense of this action. A party who wishes to use Materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this action must request permission, in writing, from Counsel for the producing party. The receiving party's request must identify the Materials designated "CONFIDENTIAL" that the receiving party wishes to use, and identify the purpose for which it wishes to use Materials designated "CONFIDENTIAL." If the parties cannot resolve the question of whether the receiving party can use Materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this action within fourteen (14) days of the producing party's receipt of such a request, the receiving party may move the Court for a ruling on the receiving party's request.

6. In the event the party wishing to use the Materials designated "CONFIDENTIAL" anticipates a dispute concerning the confidential nature of the Materials, the party shall notify, in writing, Counsel for the other parties, and attempt to resolve the matter by personal consultation (in person or by telephone). If the dispute is not resolved consensually between the parties within ten (10) days of receipt of such a notice, the noticing party the party shall initiate an informal discovery conference call consistent with the terms of the Court. The discovery conference call shall be initiated at least fourteen (14) days before the due date of any filing in which the party wishes to use the information. Any Confidential Information and/or Materials designated

"CONFIDENTIAL" at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

7. No party will be responsible to another party for disclosure of Confidential Materials under this Order if the information in question is not labeled or otherwise explicitly identified as such in accordance with this Order.

8. If a party, through inadvertence, produces any Confidential Materials without labeling or marking or otherwise designating it as such in accordance with this Order, within thirty (30) days of the initial production, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Materials, and that the Materials produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the producing party so notifies the receiving party, in writing. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL".

9. It is contemplated that the parties will conduct written discovery, oral depositions, and serve subpoenas. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product. Documents subject to this Protective Order that are attached as exhibits to a deposition will be bound in a separate volume from other exhibits and marked "CONFIDENTIAL."

Oral testimony regarding confidential personnel matters, employment records, medical records, and/or individual training transcripts will be taken and designated "under seal" and may be used in accordance with this Protective Order. If such testimony is designated confidential, only that portion of the deposition will be separately bound and labeled as "CONFIDENTIAL." When there is oral testimony identifying a minor, the Court Reporter will be notified to remove any minor's name and replace it with initials in the transcript.

10. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Material designated as "CONFIDENTIAL."

11. This Order will be without prejudice to the right of any party to oppose production of any Material for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

12. Materials designated Confidential pursuant to this Order also may be disclosed if:

(a) the party or non-party making the designation consents to such disclosure;

(b) the Court, after notice to all affected persons, allows such disclosure; or

(c) the party to whom Materials designated "CONFIDENTIAL" has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

13. Nothing in this Order shall limit any producing party's use of its own documents or shall prevent any party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the Materials. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential Materials, or disclosing such materials to their clients in this case.

14. Within sixty (60) days of the final termination of this action, including any and all appeals, Counsel for each receiving party must purge all Confidential Material from all machine-readable media on which it resides and must either (a) return all Confidential Material to the party that produced the Material, including any copies, excerpts, and summaries of that information, or (b) destroy same. With respect to paper copies, return or destruction of

Confidential Material is at the option of the producing party. Counsel must confirm in writing to all parties that the Confidential Material has been purged or destroyed.

Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product and other documents filed with the Court that refer to or incorporate Confidential Material, and will continue to be bound by this Order with respect to all such retained Material, after the conclusion of this litigation. Further, Plaintiffs may retain any Confidential Material, such as juvenile records and/or medical records that he or she would otherwise be legally entitled to retain. Finally, attorney work product that contains Confidential Material need not be destroyed, but, if it is not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained Material, after the conclusion of this litigation.

15. The restrictions and obligations set forth within this Order will not apply to any information and/or Material that: (a) the parties agree should not be designated Confidential; (b) is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

16. Transmission by e-mail is acceptable for all notification purposes within this Order.

17. This Order may be modified by agreement of the parties, subject to approval by the Court.

18. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

19. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents that may have become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of

Materials designated as "CONFIDENTIAL" for enforcement of the provisions of this Order following termination of this litigation.

IT IS SO ORDERED.

Dated: __**August 23, 2019**__　　　　　　　/s/ *Eric P. Grosj[illegible]*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE