UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY WILLIAMS, ET AL., | Case No. 1:18-cv-01543-LJO-EPG |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO APPOINT *GUARDIAN AD LITEM* |
| v. | |
| COUNTY OF FRESNO, et al., | |
| Defendants. | (ECF No. 37.) |

Plaintiffs Ashley Williams, Hector Mendez, A.R., and D.R. ("Plaintiffs") bring this suit against Defendants County of Fresno, Leeder Vue, Socorro Ruvalcaba, Yee Leng Thao, Nancy Boyajian, Clay Hoover, Eileen Guaracha, Enrique Robledo, and the City of Madera ("Defendants") alleging causes of action under 42 U.S.C. § 1983 and state law.

On August 30, 2019, Plaintiffs filed an *ex parte* motion to appoint Ashley Williams as the *guardian ad litem* for Plaintiffs A.R. and D.R., as well for non-parties H.M. and G.M. (ECF No. 37.) That same date, the Court ordered Defendants to file a statement indicating whether they opposed the motion. (ECF No. 38.) The Court also ordered Plaintiffs to file a statement stating authority for the Court's ability to appoint a *guardian ad litem* for non-parties to the litigation.

On September 4, 2019, Plaintiffs filed their "Statement of Authorities Re: Ex Parte Application to Appoint Ashley Williams as Guardian Ad Litem for A.R., D.R., H.M., and G.M."

1

(ECF No. 39.) Defendant, the County of Fresno, filed a statement indicating that it opposed the request for appointment of a *guardian ad litem* in its entirety. (ECF No. 41.) Defendants, the City of Madera and Clay Hoover, filed a statement indicating that they opposed the motion for appointment of a *guardian ad litem* only as to the non-party minors, G.M. and H.M. (ECF No. 40.)

"To maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult." *Doe ex rel. Sisco v. Weed Union Elementary School Dist.*, 2:13-cv-01145, 2013 WL 2666024 at *1 (E.D. Cal. June 12, 2013) (citation omitted). Rule 17(c) governs the appearance of minors and incompetent persons in federal court. Rule 17(c)(1) prescribes: "The following representatives may sue or defend on behalf of a minor or incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Rule 17(c)(2) states that, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

A court has broad discretion in ruling on a *guardian ad litem* application. *Basque v. Cty. of Placer*, 2017 U.S. Dist. LEXIS 117290 at *2 (E.D. Cal. July 26, 2017). "In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion." *Brown v. Alexander*, 13-cv-01451, 2015 WL 7350183 at *2 (N.D. Cal. Nov. 20, 2015) (citation omitted).

There is no dispute here that A.R., D.R., G.M., and H.M. are under the age of eighteen and therefore lack the capacity to sue under California law. There is also no dispute that Ashley Williams is the mother of these minors. As such, she is presumed to act in their best interest and, in the absence of a conflict of interest, is a proper *guardian ad litem*. The County of Fresno defendants object that it is not necessary to appoint Williams as the guardian of A.R. and D.R. because she is already acting as their general guardian. However, the Count of Fresno points to no authority that a general guardian cannot also serve as guardian ad litem, even if the appointment

2

of the general guardian as *guardian ad litem* is arguably unnecessary. Because Ashley Williams is presumed to act in A.R. and D.R.'s best interests, and because there is no argument that her interests conflict with those of A.R. and D.R., the Court will grant the motion to appoint *guardian ad litem* as to minor-Plaintiffs A.R. and D.R.

But the Court is not persuaded that it can appoint a *guardian ad litem* for the non-party minors, G.M. and H.M. Plaintiffs do not cite any authority—other than an unpublished district court order from the Central District of California without analysis—for the proposition that a Court can appoint a *guardian ad litem* for non-party minors, and the Court has been unable to locate any.[1] Moreover, Federal Rule of Civil Procedure 17(c)(2), which discusses minors and guardians, states that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." G.M. and H.M. are not "in an action," as they are not parties to same.

However, denial of the motion to appoint a *guardian ad litem* for the non-party minors will be dismissed without prejudice. Plaintiffs suggest that they may amend their Complaint to add G.M. and H.M. If the Complaint is amended to add H.M. and G.M., Plaintiff may file a motion to appoint Ashley Williams as their *guardian ad litem* at that time.

Accordingly, for the reasons discussed herein, IT IS ORDERED that:

1. Plaintiffs' "Ex Parte Application to Appoint Ashley Williams as Guardian ad Litem for A.R., D.R., H.M., and G.M." (ECF No. 37.) is GRANTED IN PART AND DENIED IN PART;

2. To the extent Plaintiffs' motion seeks an order appointing Plaintiff Ashley Williams as *guardian ad litem* for purposes of this litigation for Plaintiffs A.R. and D.R., the motion is GRANTED and Ashley Williams is hereby appointed *guardian ad litem* for Plaintiffs A.R. and D.R.; and

\\\

\\\

---

[1] The order Plaintiffs cite was issued in *Bruno v. County of Los Angeles, et al.*, No. 17-01301-CJC (JEx) (C.D. Cal. July 18, 2019).

3. To the extent Plaintiffs' motion seeks an order appointing Ashley Williams as *guardian ad litem* for non-party minors G.M. and H.M., the motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: __**September 11, 2019**__          /s/ Errin P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE