UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY WILLIAMS, et al., | Case No. 1:18-cv-01543-NONE-EPG |
| Plaintiffs, | |
| v. | ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEYS OF RECORD FOR PLAINTIFFS |
| COUNTY OF FRESNO, et al., | |
| Defendants. | 30-DAY DEADLINE |
| | (ECF No. 76) |

This matter is before the Court on the motion to withdraw as attorneys of record for all Plaintiffs. (ECF No. 76). On October 28, 2021, Plaintiffs' counsel filed the instant motion, stating that good cause exists for both mandatory and permissive withdrawal under California Rule of Professional Conduct 1.16. No opposition was filed to the motion. On December 10, 2021, the Court held a hearing on the motion, portions of which were conducted *ex parte* and remain under seal. The Court took the motion under advisement to be ruled upon by written order and entered a stay of the case. For the reasons given below, the Court now grants the motion.

**I.  DISCUSSION**

Rule 182(d) of the Local Rules of the United States District Court, Eastern District of California provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. "Withdrawal of an attorney is

1

governed by the Rules of Professional Conduct of the State Bar of California." Local Rule 182(d).

Under those rules, mandatory withdrawal is required as follows:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
> > (1) the lawyer knows or reasonably should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;
> >
> > (2) the lawyer knows or reasonably should know that the representation will result in violation of these rules or of the State Bar Act;
> >
> > (3) the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or
> >
> > (4) the client discharges the lawyer.

California Rule of Professional Conduct 1.16(a)(1)-(4).

And permissive withdrawal is permitted as follows:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> > (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
> >
> > (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;
> >
> > (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;
> >
> > (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
> >
> > (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;
> >
> > (6) the client knowingly and freely assents to termination of the representation;
> >
> > (7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;
> >
> > (8) the lawyer's mental or physical condition renders it difficult for the

>    lawyer to carry out the representation effectively;
>
>    (9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or
>
>    (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

California Rule of Professional Conduct 1.16(b)(1)-(10).

Courts maintain the discretion to grant or deny a motion to withdraw as counsel. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(d).

Because this case involves minor children proceeding through guardian ad litem Ashley Williams, it is important to note that, should counsel be permitted to withdraw for all Plaintiffs, Williams would be a non-attorney guardian ad litem who is not represented by counsel. Notably, "[i]t is established that a non–attorney [guardian or] parent must be represented by counsel in bringing an action on behalf of the child." *Garcia v. City of Fresno*, No. 1:16-CV-01340-LJO-SAB, 2017 WL 6383814, at *4 (E.D. Cal. Dec. 14, 2017). If a guardian ad litem is unable to obtain counsel, "the complaint as to the guardian ad litem in his or her capacity as guardian ad litem must be dismissed without prejudice thereby giving the guardian ad litem further opportunity to secure an attorney at a later time within the limitations period and bring the action on behalf of the minor." *Id.* "[A]s to the minor[,] [the complaint] should be dismissed without prejudice to preserve the child's ability to prosecute his claims himself when he achieves the age of majority." *Id.*

To preserve client confidentiality, the Court heard the specific reasons for the request to withdraw *ex parte*, which generally revolve around an unwaivable conflict of interest presented

3

by counsel's continued representation of the Plaintiffs. Upon consideration of those reasons, as reflected on the record, the Court concludes that withdrawal is warranted under the provisions of California Rule of Professional Conduct 1.16 for both mandatory and permissive withdraw.

However, to give Plaintiffs an opportunity to obtain new counsel, the Court will set a deadline for Plaintiffs to inform the Court as to whether they wish to proceed.

## II. ORDER

Accordingly, IT IS ORDERED as follows:

1. The motion to withdraw as attorneys of record for all Plaintiffs (ECF No. 76) is granted;
2. The Clerk is directed to terminate all counsel of record for Plaintiffs from the docket. Plaintiffs shall be substituted in to proceed in the case *pro se*.
3. All future communications, including this order, shall be mailed to Ashley Williams, as an individual, and as the guardian ad litem on behalf of A.R., D.R., H.M., and G.M., to: 6277 North Alva Avenue, Fresno, CA 93711-0864.
4. All future communications, including this order, shall be mailed to Hector Mendez at the following addresses: 2210 N. Schnoor Ave., #218, Madera CA, 93637; 3710 W. San Jose Ave., #103, Fresno CA, 93711; and 6277 North Alva Avenue, Fresno, CA 93711-0864.
5. Plaintiffs are directed to keep the Court apprised of their current mailing address and telephone number.
6. Within 30 days after entry of this order, Plaintiffs' counsel shall provide Plaintiffs with a copy of their complete case file, if counsel has not already done so.
7. The Court recommends that Plaintiffs obtain new counsel to represent them in this matter as expeditiously as possible;
8. Within 30 days, Ashley Williams, as an individual, and as the guardian ad litem on behalf of A.R., D.R., H.M., and G.M., shall notify the Court whether she intends to proceed with this case as an individual and as a guardian ad litem on behalf of A.R.,

D.R., H.M., and G.M., and if so, whether she has been able to obtain new counsel or whether she intends to proceed *pro se*;[1]

9. Within 30 days, Hector Mendez shall notify the Court whether he intends to proceed with this case, and if so, whether he has been able to obtain new counsel or whether he intends to proceed *pro se*;

10. If Plaintiffs need an extension of time to file the required notice or to obtain new counsel, they may file a motion requesting additional time to do so;

11. Aside from the direction provided in this order, the case is otherwise stayed pending the receipt of notice as to how Plaintiffs intend to proceed;

12. Plaintiffs' failure to comply with this order, may result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 10, 2021**                    /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] While Williams may elect to proceed *pro se* on her individual claims, she may not elect to proceed *pro se* as a guardian ad litem on behalf of the minor children.