UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY WILLIAMS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF FRESNO, et al.,<br><br>　　　　Defendants. | Case No.　1:18-cv-01543-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFFS' FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDER<br><br>(ECF No. 81) |

　　　　Plaintiffs Ashley Williams (as an individual), Hector Mendez, and Ashley Williams as the guardian ad litem on behalf of A.R., D.R., H.M., and G.M., are proceeding *pro se* in this civil rights action. Despite ordering Plaintiffs to respond as to how they wish to proceed in this case, no Plaintiff has responded within the time to do so. (ECF No. 81). Because Plaintiffs have failed to prosecute this case and comply with the Court's order, the Court recommends dismissal of this case.

**I.　BACKGROUND**

　　　　Plaintiffs, then represented by counsel, filed this lawsuit on November 8, 2018, later amending their complaint on November 13, 2019. (ECF Nos. 1, 45). Plaintiffs' first amended complaint, filed pursuant to 42 U.S.C. § 1983, brings claims concerning the deprivation of certain constitutional rights, with the allegations generally stemming from the allegedly wrongful removal of the minor Plaintiffs in this case from their home. (ECF No. 45).

On October 18, 2021, Plaintiffs' counsel moved to withdraw from this case. (ECF No. 76). The Court held a hearing on December 10, 2021, at which no Plaintiff appeared. (ECF No. 80). Notably, Plaintiffs' counsel has represented that efforts were made to notify all the Plaintiffs about the motion to withdraw and accompanying proceedings and that counsel received no objection to the requested withdrawal. (*See* ECF No. 76, p. 5).

On December 13, 2021, this Court granted the motion to withdraw as attorneys of record for all Plaintiffs. (ECF Nos. 76, 81). With the Plaintiffs being left to proceed *pro se*, the Court directed the Plaintiffs to notify the Court within thirty days of entry of the order whether they intended to proceed with this case, and if so, whether they would be obtaining counsel to represent them or would be proceeding *pro se*. The Court warned that Plaintiffs' failure to comply with this order may result in dismissal of this action. To date, no Plaintiff has responded to the order, and the time to do so has expired.

**II.     ANALYSIS**

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiffs have failed to appear for the hearing on counsel's motion to withdraw and have failed to respond to the Court's order as to how they wish to proceed. (*See* ECF No. 81). Accordingly, their failure to participate is delaying this case. Moreover, such failure to respond to the order, or even request an extension of time to do so, indicates that Plaintiffs

2

have no intention of pursuing this case. And, allowing this case to proceed further, without any indication that Plaintiffs wish to prosecute this action, would waste judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiffs' failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiffs have chosen not to prosecute this action and have failed to comply with a Court order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. *See Garcia v. City of Fresno*, No. 1:16-CV-01340-LJO-SAB, 2017 WL 6383814, at *4 (E.D. Cal. Dec. 14, 2017) (noting that case as to guardian ad litem (in capacity as guardian ad litem) and case as to minor children should be dismissed without prejudice if the guardian ad litem refuses to hire an attorney in a case).

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### III. CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

     1.     This case be dismissed, without prejudice, because of Plaintiffs' failure to prosecute and comply with a Court order; and

     2.     The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated:   **January 21, 2022**        /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE